UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COALITION FOR ICANN TRANSPARENCY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERISIGN, INC., et al.,<br><br>　　　　　Defendants. | Case No.: C 05-4826 RMW PVT<br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL** |

On February 21, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on the motion to compel brought by Plaintiff Coalition for ICANN Transparency ("CFIT"). Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that CFIT's motion is GRANTED as to Document Request No. 1, except that the request is limited to documents created on or after July 1, 2005. The information sought is relevant to a determination of the likelihood that approval of the 2005 .com Agreement is imminently impending. VeriSign is free to make its arguments regarding the "staleness" of any particular documents or statements if and when they are submitted to Judge Whyte in connection with a motion for preliminary injunction. This order is without prejudice to CFIT seeking earlier-created documents in the event further discovery reveals that responsive documents

predating July 1, 2005 exist.[1] This order is also without prejudice to any motion for protection by Defendant VeriSign, Inc. ("VeriSign") if VeriSign can establish that: 1) the scope of production ordered would be unduly burdensome; and 2) VeriSign could not reasonably have made any showing regarding the burden imposed by this Document Request at or before today's hearing.[2]

IT IS FURTHER ORDERED that CFIT's motion is GRANTED as to Document Request No. 2, only as it was actually written. The court will not expand the scope of this request to include all discussions VeriSign has had with the Department of Justice. However, to the extent a document consisting of, or relating to, communications with the Department of Justice are otherwise responsive to the request, they must be produced. Nothing in this request *excluded* from its scope documents related to "the likelihood of, process for, or timing of approval of the 2005 .com Agreement by the Department of Commerce," simply because they happen to also relate to the Department of Justice.

IT IS FURTHER ORDERED that CFIT's motion is GRANTED as to Document Request Nos. 6 & 7, and Rule 30(b)(6) Deposition Topic No. 4. However, CFIT shall work with VeriSign to help craft appropriate search terms for any computer searches in order to avoid unnecessary burden on VeriSign. By imposing on CFIT an obligation to help craft appropriate search terms for computer searches, the court is not relieving VeriSign of its obligation to also make reasonable inquiries of its employees in order to locate responsive documents.

IT IS FURTHER ORDERED that CFIT's motion is DENIED as to Document Request No. 9. Given that CFIT has agreed to limit this request to documents which are also responsive to

---

[1] The failure of VeriSign's counsel to find out from his client when it and ICANN began discussing the 2005 .com Agreement deprived the court of the information necessary to set a well-reasoned time limit on this Document Request. Thus, the court is expressly leaving the door open to require VeriSign to search for earlier-created documents in the event it turns out those discussions commenced prior to July 1, 2005.

[2] Under normal circumstances, the court expects a party asserting undue burden in response to a motion to compel to make a factual showing of burden at the time it files its opposition papers. In light of the shortened time schedule for the expedited discovery and related motion and briefing schedule, the court will not preclude VeriSign from moving for protection. However, the court will require VeriSign to show that it could not possibly have anticipated any undue burden–and made *some* factual showing–in the time allowed for briefing and hearing the motion to compel. A shortened briefing schedule does not *automatically* relieve counsel of the duty to find out from his client what effort is anticipated to respond to any challenged discovery requests.

Document Request Nos. 1 & 2, the motion is mooted as to this Document Request based on the court's grant of the motion with regard to Document Request Nos. 1 & 2.

IT IS FURTHER ORDERED that the court declines to rule on the motion with regard to Rule 30(b)(6) Deposition Topic Nos. 1 & 6 (as narrowed by CFIT), because there has been no refusal to designate a deponent or answer a deposition question. The court will not issue advisory rulings. In the event a dispute actually arises at a deposition regarding specific questions, the parties may contact chambers (at 408/535-5434) to arrange a mid-deposition telephone conference with the court.

IT IS FURTHER ORDERED that VeriSign's objections based on a purported "settlement privilege" are hereby OVERRULED. Rule 408 of the Federal Rules of Evidence applies to admissibility at trial, not discoverability. The few cases cited by VeriSign are not persuasive, are distinguishable to the extent they deal with formal mediation proceedings with a neutral mediator,[3] and/or are contrary to numerous other, better-reasoned cases.[4]

Federal Rule of Evidence 501 authorizes federal courts to recognize new privileges only by interpreting "the principles of the common law ... in the light of reason and experience." *See* FED.R.EVID. 501. The Supreme Court has explained that: "When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly

---

[3] *See Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F.Supp.2d 1164, 1179 (C.D.Cal. 1998) (recognizing a mediation privilege for formal mediation proceedings with neutral mediator, but declining to recognize a more general settlement privilege because "only Congress is authorized to amend the scope of protection afforded by Rule 408").

[4] *See, e.g., In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 n. 20 (7th Cir. 1979); *In re Subpoena Issued to Commodity Futures Trading Comm'n*, 370 F.Supp.2d 201, 207-212 (D.D.C. 2005); *Primetime 24 Joint Venture v. Echostar Communications Corp.*, 2000 WL 97680, *4 & n. 5 (S.D.N.Y. 2000); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. Of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988); *Bennett v. LaPere*, 112 F.R.D. 136, 138-39 (D.R.I. 1986); *NAACP Legal Defense Fund, Inc. v. U.S. Dep't of Justice*, 612 F.Supp. 1143, 1146 (D.D.C. 1985) (Rule 408 "was never intended to be a broad discovery privilege."); *Center for Auto Safety v. Department of Justice*, 576 F.Supp. 739, 749 (D.D.C. 1983) *order vacated in immaterial part on reconsideration*, 1983 WL 1955 ("While [Rule 408's] intent is to foster settlement negotiations, the sole means chosen to effectuate that end is a limitation on their [sic] admission of evidence produced during settlement negotiations for the purpose of proving liability at trial, not the application of a broad discovery privilege. Otherwise parties would be unable to discover compromise offers which could be offered for a relevant purpose... .").

exceptional." *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996) (quotation omitted). While Rule 501 directs courts to "continue the evolutionary development of testimonial privileges,"[5] the Supreme Court has warned that privileges "are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710 (1974); *see also Univ. of Pennsylvania v. EEOC*, 493 U.S. 182, 194 (1990) ("Although Rule 501 manifests a congressional desire not to freeze the law of privilege...we are disinclined to exercise this authority expansively.").

The Supreme Court has identified various factors to be considered by courts in determining whether to recognize a new privilege under Rule 501. One key factor is whether there is a broad consensus in federal and state law in favor of the privilege. *See Jaffee*, 518 U.S. at 12 (emphasizing that "all 50 States and the District of Columbia have enacted into law some form of psychotherapist privilege"); *see also, In re Sealed Case,* 148 F.3d 1073, 1077 (D.C.Cir. 1998) ("The Supreme Court has put considerable weight upon federal and state precedent when recognizing a privilege."). Another factor is whether "Congress has considered the relevant competing concerns but has not provided the privilege itself." *Univ. of Pennsylvania*, 493 U.S. at 194. Also considered is whether the proposed privilege is included on the list of evidentiary privileges recommended by the Advisory Committee of the Judicial Conference in its proposed Federal Rules of Evidence. *See Jaffee*, 518 U.S. at 14; *see also, United States v. Gillock*, 445 U.S. 360, 365 (1980). Finally, "[t]he Supreme Court has instructed that a party seeking judicial recognition of a new evidentiary privilege under Rule 501 demonstrate with a high degree of clarity and certainty that the proposed privilege will effectively advance a public good." *In re Sealed Case*, 148 F.3d at 1076.

VeriSign has not come forward with a persuasive case for a federal settlement privilege under any of these factors. There does not appear to be any "broad consensus in federal and state law in favor of the privilege." On the contrary, it appears most federal courts that have addressed the issue have declined to create a settlement privilege.[6]

With regard to Congress' consideration of the issue, Congress expressly chose to limit the protection of Rule 408 to rendering settlement negotiations inadmissible for a limited number of

---

[5]     *Id*. at 9-10

[6]     See footnote 4, above.

purposes. Congress could easily have exempted such discussions from discovery altogether, but chose not to. In fact, Congress actually added language to Rule 408 that preserves discoverability of information exchanged during settlement negotiations: "This rule does not require the exclusion of any evidence *otherwise discoverable* merely because it is presented in the course of compromise negotiations" (*emphasis added*). In explaining this addition, the Advisory Committee noted: "A party should not be able to immunize from admissibility documents otherwise discoverable merely by offering them in a compromise negotiation." The documents at issue here involve negotiation and renegotiation of a business agreement. The fact the parties to that agreement were also negotiating a settlement of claims does not immunize the negotiations of the business agreement from discovery.

The final two factors also weigh against constructing a new settlement privilege under federal law. No settlement privilege was listed among the nine privileges identified in the Proposed Federal Rules of Evidence drafted by the Advisory Committee of the Judicial Conference, and transmitted by the Supreme Court to Congress in 1972. *See Proposed Rules of Evidence*, 56 F.R.D. 183, 234-58 (1972) (recognizing privileges for reports required by law, the attorney client privilege, the psychotherapist-patient privilege, the husband-wife privilege, communications to clergymen, political votes, trade secrets, secrets of state, and informer identity). And VeriSign has not shown that the proposed privilege will effectively advance a public good. As noted above, privileges "are in derogation of the search for truth." *See, United States v. Nixon*, 418 U.S. at 710. Thus, they actually run *counter* to a well established public good. VeriSign has not shown that the public interest in promoting out-of-court settlements trumps the public interest in ascertaining the truth. *See, Jaffee*, 518 U.S. at 9, 116 S.Ct. 1923 ("Exceptions from the general rule disfavoring testimonial privileges may be justified, however, by a 'public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth.'") quoting *Trammel v. United States*, 445 U.S. 40, 50 (1980). Nor has VeriSign shown that the public interest in promoting out-of-court settlements is not adequately protected by the limits on admissibility expressly provided in Rule 408.

In light of the public policy expressed in Rule 408 in favor of *allowing* settlement discussions into evidence for purposes other than those expressly proscribed, the public policy in favor of

facilitating the search for truth, and the numerous prior cases that have expressly declined to create a settlement privilege, this court finds that "the principles of the common law ... in the light of reason and experience," weigh heavily against recognizing any such a privilege.

Further, even if there were a settlement privilege, VeriSign's privilege claim fails because VeriSign has offered no evidence to support its contention that some or all of the documents sought come within the scope of the asserted privilege. The party invoking a privilege has the burden of proving the facts on which the privilege claim is based, and it must do so with competent and specific evidence; it may not rely on conclusory assertions. *See, e.g., United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996); *In re Kidder Peabody Secs. Litig.*, 168 F.R.D. 459, 467 (S.D.N.Y.1996). *See also, e.g., United States v. Plache*, 913 F.2d 1375, 1379 n. 1 (9th Cir. 1990). VeriSign fails entirely to make any such showing, choosing instead to rely solely on conclusory statements by counsel.

VeriSign also argues that CFIT must make a heightened showing of relevance in order to discover settlement negotiations. While VeriSign cites a few cases that have so held, many other cases have rejected any such heightened showing requirement for discovery of settlement negotiations.[7] The court finds the cases rejecting any heightened showing requirement more persuasive. As one court stated, "the Federal Rules of Civil Procedure do not permit even [a] 'modest presumption' [against disclosure]; they permit discovery of '*any* matter . . . that is relevant.' Thus, if settlement material is to be shielded from discovery, it must find protection from some provision other than Rule 26(b)." *In re: Initial Public Offering Securities Litigation*, 2004 WL 60290 at *5 S.D.N.Y. 2004) (*footnotes omitted*).

---

[7] *See, e.g., In re: Initial Public Offering Securities Litigation*, 2004 WL 60290 at *5 S.D.N.Y. 2004) (rejecting heightened standard and instead applying Fed.R.Civ.P. 26 requirement that the settlement material need only be relevant to a claim or defense in the action); *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 301-02 & n. 1 (D.Kan. 2000) (rejecting suggestion that "a higher burden is placed on the party seeking to discover evidence related to settlement negotiations"); *Griffin v. Mashariki*, No. 96 Civ. 6400, 1997 WL 756914, at *1 (S.D.N.Y. 1997) ("Settlement-related information, including settlement agreements, are governed by [Rule 26] and are discoverable without a heightened showing of relevance."); *Salgado v. Club Quarters, Inc.*, 1997 WL 269509, at *1 (S.D.N.Y. 1997) ("no heightened showing need be made to justify discovery of a settlement agreement"); *Securities and Exchange Comm'n v. Downe*, 1994 WL 23141 (S.D.N.Y. 1994) (standard applicable to discovery of settlement negotiations is that provided by Fed.R.Civ.P. 26(b)(1)); and *Bennett v. La Pere*, 112 F.R.D. 136, 139-40 (D.R.I. 1986) (rejecting heightened showing).

ORDER, *page 6*

IT IS FURTHER ORDERED that, for any future motion work before Judge Trumbull, the parties shall not use "letter briefs." Pusuant to the parties' stipulation, this court granted the parties permission to use letter briefs in connection with this motion. However, the court finds the letter brief format unhelpful for a variety of reasons, and in the future will expect proper briefs that substantially comply with Civil Local Rules 3-4 and 7-4. This order applies only to motion work in this case before Judge Trumbull (whether other judges accept letter briefs is for them to decide).

Dated: *2/23/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge