UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CFIT INC., | Case No.: C 05-4826 RMW PVT |
| Plaintiff, | **ORDER RE DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| VERISIGN, INC., ICANN, | |
| Defendants. | |

On February 21, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendants' motion to compel.[1] Based on the briefs and arguments presented, the court issues its order as follows.

**I.   ASSOCIATIONAL PRIVILEGE**

Defendant ICANN seeks to compel depositions regarding the identity of all CFIT's members, the nature of each member's business, and the identification of the sources of CFIT's funding. Defendant VeriSign also requests depositions and documents in regards to Plaintiff's members. Defendants argue that information regarding CFIT's members is necessary for many reasons. First, discovery regarding CFIT's members is appropriate in order to establish CFIT lacks proper standing.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

Second, this discovery request is also appropriate to establish whether CFIT's claims are barred by *res judicata*. Also, discovery of CFIT's members goes to the heart of CFIT's irreparable harm claim because harm must be alleged to competition, not merely a few competitors. Finally, Defendants argue discovery is necessary to determine if CFIT satisfies the requirements of Article III and prudential standing.

CFIT has raised the qualified First Amendment associational privilege and contends that CFIT's member information is not discoverable. The privilege has been applied where an association's members would be exposed to economic reprisal, loss of employment and threat of physical coercion. *NAACP v. Alabama,* 357 U.S. 449 (1958). Defendants argue that the associational privilege cannot be used as a blanket bar to discovery. *See Wilkinson v. Fed. Bureau of Investigation,* 111 F.R.D. 432, 436 (C.D. Cal. 1986).

ICANN and VeriSign are entitled to discovery regarding the members of CFIT to assess if CFIT's members will be harmed by the proposed agreement. CFIT's assertion of associational privilege does not apply in this case. Associational privilege was designed to protect the identity of those who may be subject to economic reprisal, loss of employment, or threat of physical coercion upon being exposed. *See NAACP v. Alabama,* 357 U.S. 449 (1958) (finding protection of members' identity warranted based on constitutional guarantee of freedom of association, particularly "where a group espouses dissident beliefs.") CFIT, an organization created to bring this lawsuit, can be distinguished from the kinds of association this privilege is intended to protect. A plaintiff cannot hope to pursue this kind of suit in a risk free environment. *National Organization for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 274 (D. Conn. 1980) (finding partial waiver of associational privilege and requiring plaintiff to disclose members name, sex, race, current address and occupation of each member.)

Even if CFIT's members are otherwise protected by the associational privilege, there are overriding compelling interests that demand discovery regarding CFIT's members. If associational privilege is found, this court is required to subject Defendant's request to a "higher level of scrutiny." *Wilkinson,* 111 F.R.D. at 436. First Amendment privacy can be overridden when the party seeking the information asserts a compelling interest. *See Int'l Society for Krishna*

*Consciousness, Inc. v. Lee,* 1985 WL 315 (Feb. 1985).  Defendants have articulated an overriding compelling interest.  Plaintiff's "member" information is necessary to the determination of whether the 2005 .com Agreement constitutes irreparable harm to competition which would lead to an antitrust violation.  The information offered by CFIT, harm to two of its members, is not enough to constitute such a violation.  *See McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 811-12 (9th Cir. 1988); *SmileCare Dental Group v. Delta Dental Plan of Calif.,* 88 F.3d 780, 784 n.3 (9th Cir 1996).  Defendants must be allowed to discover information relevant to potential harm to competition, not merely a few competitors.

Plaintiff contends there may be some economic reprisal against CFIT members if its members' identities are compromised.  CFIT has made no factual showing that would suggest that ICANN or VeriSign are likely to discriminate against specific members of CFIT.  An "attorneys eyes only" protective order provision can adequately address any real concerns regarding potential economic reprisal against specific CFIT members.  For the forgoing reasons, the court issues the following rulings:

<u>VeriSign Document Request No. 2</u>– Defendant's motion is GRANTED as to this request.

<u>VeriSign Rule 30(b)(6) Deposition Category No. 1</u>– Defendant's motion is GRANTED as to this Deposition Category.  CFIT shall designate and produce a 30(b)(6) witness.

<u>ICANN's Rule 30(b)(6) Deposition Category A</u>– Defendant's motion is GRANTED as to this Deposition Category.  CFIT shall designate and produce a 30(b)(6) witness.

<u>ICANN's Rule 30(b)(6) Deposition Category B</u>– Defendant's motion is GRANTED as to this Deposition Category.  CFIT shall designate and produce a 30(b)(6) witness.

<u>ICANN's Rule 30(b)(6) Deposition Category D</u>– Defendant's motion is GRANTED as to this Deposition Category.  CFIT shall designate and produce a 30(b)(6) witness.

IT IS FURTHER ORDERED that, no later two weeks from the date of the issuance of this order, the parties shall submit either a stipulated form of protective order, or else their respective proposals for a protective order to govern the handling of confidential information produced during this litigation. A model form of protective order is available on this court's website (www.cand.uscourts.gov) under the "Forms" link.

## II. TENTATIVE[2] RULINGS ON REMAINING DISCOVERY REQUESTS

Due to time constraints at the hearing, Magistrate Judge Trumball has allowed for both parties to submit a letter, via ECF, to request further oral argument in light of this tentative order. Parties have five business days from the issuance of this order to request a hearing. If no request is made within that time, the tentative rulings will become final.

### A. Information Regarding Irreparable Harm

VeriSign's Deposition Category No. 4 – Defendant's motion is GRANTED as to this deposition category. CFIT has only agreed to provide witnesses from Pool.com and R. Lee Chambers Company regarding the bases for both parties' claims. CFIT has not agreed to provide a witness to give testimony on behalf of all CFIT's members. CFIT, in its TRO Application, stated that the alleged harm *is not limited* to Pool.com or R. Lee Chambers.

VeriSign's 30(b)(6) Deposition Category No. 6 – Defendant's motion is GRANTED as to this deposition. Product and services information is relevant to claim of irreparable harm.

ICANN's Document Request No. 3 – Defendant's motion is GRANTED as to this request regarding the requested subject matter. However, the Request is deemed to call for "all documents relevant to," in order to avoid any unnecessary infringement of work product privilege.

Plaintiff has only offered information regarding harm to two members, though it claims harm to all members. Pursuant to the Federal Rules of Civil Procedure, discovery on a party's specified contentions is permissible. The attorney-client privilege does not preclude ICANN from obtaining discovery regarding the factual bases for CFIT's TRO Application and Complaint.

ICANN's Rule 30(b)(6) Deposition Category E – This motion to Compel is GRANTED as to this deposition request, for the same substantive reasons stated for ICANN's Document No. 3 request.

### B. Information Regarding Relevant Market Information

ICANN's Document Request No. 5– Defendant's motion is GRANTED as to this document request, for the same reasons stated for ICANN's Document No. 3 request.

---

[2]

United States District Court / For the Northern District of California

ICANN's Document Request No. 6– Defendant's motion is GRANTED as to this document request, for the same reasons stated for ICANN's Document No. 3 request.

VeriSign's Document Request No. 5– Defendant's motion is GRANTED as to this document request. Pursuant to the Federal Rules of Civil Procedure, discovery on a party's specified contentions is permissible.

VeriSign's Deposition Category No. 3 – Defendant's motion is GRANTED as to this category. Pursuant to the Federal Rules of Civil Procedure, discovery on a party's contention is permissible.

**C.    Information Regarding Communications with Department of Justice**

VeriSign's Document Request No. 9 – Defendant's motion is DENIED. It is too broad. Defendant's are given leave to amend the scope of the document request.

VeriSign's Deposition Category No. 7 – Defendant's motion is GRANTED as to this request, because it is not overbroad and it specifies "communication subsequent to October 24, 2005, with any governmental" agency, official or employee concerning CLS or the .com Agreement. This information is relevant to the allegations.

**D.    Information Regarding AntiCompetitive, Unfair, or Predatory In Nature**

VeriSign's Document Request No. 7 – Defendant's motion is GRANTED as to this request. Courts routinely order discovery regarding parties' contentions or allegations. *See Walker County of Contra Costa,* 227 F.R.D. 529, 537 (2005).

VeriSign's Deposition Category No. 5– Defendant's motion is GRANTED as to this request for the same reasons in VeriSign's Document Request No. 7.

Deadline for Producing Documents and Supplemental Responses – Plaintiff shall produce the documents and supplemental responses ordered herein no later than two weeks from the date of this order. The Rule 30(b)(6) deposition shall proceed on a date mutually agreed upon by the parties.

IT IS SO ORDERED.
Dated: *2/23/06*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge