NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COALITION FOR ICANN TRANSPARENCY, INC.,<br><br>           Plaintiff,<br>    v.<br><br>VERISIGN, INC.,<br><br>           Defendant.<br>_____ / | No. C05-04826 RMW (HRL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**<br><br>[Re: Docket No. 232] |

Defendant Verisign, Inc. (Verisign) moves for an order compelling plaintiff Coalition for ICANN Transparency (CFIT) to answer interrogatories.[1] CFIT opposes the motion. The matter is deemed appropriate for determination without oral argument, and the February 1, 2011 motion hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion as follows:

   1.   Interrogatories 1-3, 11 and 15 essentially seek (a) the identities of CFIT's current and former board members and staff; (b) the identities of supporters and prospective supporters; (c) a step-by-step description of the process by which each supporter became a supporter; (d) a description of the manner in which each supporter currently participates in the relevant markets alleged in the complaint; and (e) the identities of all persons with whom CFIT has had communications about this lawsuit. To the extent it has not already done so, CFIT shall

---

[1] To the extent any discovery requests seek information concerning expiring domain names or Central Listing Service, Verisign's motion is deemed moot. Defendant confirms that it no longer seeks such discovery.

1  conduct a reasonable investigation and answer each interrogatory fully and under oath,
2  furnishing all information available to it.[2]  FED. R. CIV. P. 33(b).  If CFIT believes that it
3  appropriately may produce records in lieu of an answer, then CFIT shall (a) specify the records
4  that must be reviewed, in sufficient detail to enable Verisign to locate them as readily as CFIT
5  could; and (b) produce the records or give Verisign a reasonable opportunity to examine and
6  audit the records and make copies, compilations, abstracts, or summaries of them.  FED. R. CIV.
7  P. 33(d).

8      2.    In sum, interrogatories 5 and 16 ask for (a) identification of all legal actions or
9  proceedings brought by any CFIT supporter against Verisign or ICANN (or any of their
10 associates, affiliates, or predecessors); and (b) identification of every domain name registered
11 by each CFIT supporter, as well as the registrar of record for each such domain name.  To the
12 extent it has not already done so, CFIT shall conduct diligent inquiry and reasonable
13 investigation and answer each interrogatory fully and under oath, furnishing all information
14 available to it.  FED. R. CIV. P. 33(b).  To the extent CFIT's prior responses are, in some
15 material respect, incomplete or incorrect, CFIT is obliged to supplement or correct them.  FED.
16 R. CIV. P. 26(e).  If, after conducting diligent inquiry and a reasonable investigation, CFIT has
17 no responsive information, it shall say so in its verified interrogatory answers.

18     3.    As for contention interrogatories 6, 7, 9, 10, and 12-14, CFIT's prior responses,
19 which merely referenced the parties' initial disclosures, are improper.  An interrogatory answer
20 must be complete in and of itself and should not refer to the pleadings, depositions, other
21 documents, or other interrogatories.  *See Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind.
22 2000).  Although discovery is ongoing, much of the discovery Verisign seeks appears to pertain
23 to certain threshold issues that may be the subject of early summary judgment motions.
24 Accordingly, to the extent it has not already done so, CFIT shall conduct diligent inquiry and
25 reasonable investigation and answer each interrogatory fully and under oath, furnishing all

---

[2] CFIT does not challenge Verisign's argument that plaintiff is obliged to perform a reasonable search to obtain responsive information from CFIT's members. Indeed, as to some requests, CFIT agrees to do just that. Accordingly, the court expects that plaintiff will conduct a reasonable search for responsive documents and information from its members in response to all of the discovery requests at issue in Verisign's motions.

2

information available to it.  FED. R. CIV. P. 33(b).  If other information is obtained in the course of discovery, CFIT shall supplement or correct its responses pursuant to Fed. R. Civ. P. 26(e).

4.  Interrogatory 4 seeks identification of CFIT's contributors, the amount of each contribution, and the nature of each contributor's business and any domain name registration it offers.  This information is relevant or reasonably calculated to lead to the discovery of admissible evidence with respect to, for example, CFIT's standing to bring this lawsuit.  FED. R. CIV. P. 26(b)(1).  There being a protective order in place (Docket No. 144), CFIT's confidentiality objections are overruled.  Although CFIT's opposition asserts that the requested financial information is "privileged," no privilege has been identified, much less substantiated.  To the extent it has not already done so, CFIT shall conduct diligent inquiry and reasonable investigation and answer this interrogatory fully and under oath, furnishing all information available to it.  FED. R. CIV. P. 33(b).

5.  CFIT shall serve its answers to Verisign's interrogatories within 14 days from the date of this order.

SO ORDERED.

Dated:   January 28, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:05-cv-04826-RMW Notice has been electronically mailed to:

Angel Lisa Tang     Angel_Tang@aporter.com, James_Cooper@aporter.com, Laura_Riposo_VanDruff@aporter.com, Lorraine_Danielson@aporter.com, Ronald_Johnston@aporter.com

Bret Alan Fausett     bfausett@alvaradosmith.com, bfausett@internet.law.pro, lhernandez@alvaradosmith.com

Brian K. Condon     brian_condon@aporter.com

Courtney Mattson Schaberg     cmschaberg@jonesday.com

Eric Patrick Enson     epenson@jonesday.com

Imani Gandy     igandy@adorno.com

James Frederic Speyer     james.speyer@aporter.com, kathryn.jensen@aporter.com, kelly.welchans@aporter.com

James S. Blackburn     james_blackburn@aporter.com, leyla_leos@aporter.com

Jason C. Murray     jmurray@crowell.com

Jeffrey Alan LeVee     jlevee@jonesday.com, vcrawford@jonesday.com

Kelly Anne Welchans     kelly.welchans@aporter.com, stacie.james@aporter.com

Laurence J. Hutt     laurence_hutt@aporter.com, kelly_welchens@aporter.com, stacie.james@aporter.com

Sean William Jaquez     swjaquez@jonesday.com

Tricia Anne Cross , Esq     Tricia_Cross@aporter.com, Jacqui.Tollefson@aporter.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California