NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COALITION FOR ICANN TRANSPARENCY, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERISIGN, INC., <br><br> Defendant. | No. C05-04826 RMW (HRL) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (FIRST SET)** <br><br> [Re: Docket No. 233] |

Defendant Verisign, Inc. (Verisign) moves for an order compelling plaintiff Coalition for ICANN Transparency (CFIT) to produce documents responsive to its first set of requests for production.[1] CFIT opposes the motion. The matter is deemed appropriate for determination without oral argument, and the February 1, 2011 motion hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion as follows:

1. CFIT asserted a number of General Objections which it, in boilerplate fashion, purported to incorporate into its specific responses—whether or not those objections were actually raised in response to a particular request. This practice obscures the extent to which CFIT is withholding information and does not satisfy the requirement for reasonable

---

[1] To the extent any discovery requests seek information concerning expiring domain names or Central Listing Service, Verisign's motion is deemed moot. Defendant confirms that it no longer seeks such discovery.

particularity under Fed. R. Civ. P. 34(b). Thus, any General Objections which CFIT only implicitly asserted by incorporation to a specific request are overruled.

2. Requests 2 and 10 essentially seek (a) documents sufficient to identify all of CFIT's officers, directors, members, supporters, and financial contributors, as well as the nature of their respective businesses and of any domain name registration services they offer; and (b) communications between CFIT and others re the 2005 .com Agreement or CFIT's November 28, 2005 TRO application. The court previously ordered CFIT to produce documents responsive to Request 2. (*See* Docket No. 131, Feb. 23, 2006 Order at 3). Any responsive, non-privileged documents CFIT has in its possession, custody or control[2] should have been produced long ago. CFIT has not presented any cogent argument against the production of documents responsive to these requests. Accordingly, Verisign's motion as to these requests is granted.

3. In sum, requests 5 and 7 seek documents that support or undermine (a) CFIT's market allegations and (b) CFIT's contention that the terms of the 2005 .com registry agreement are predatory, anticompetitive, or unfair. The court previously ordered CFIT to produce documents responsive to these requests. (*See* Docket No. 131, Feb. 23, 2006 Order at 5). Any responsive, non-privileged documents CFIT has in its possession, custody or control should have been produced long ago. CFIT suggests that the facts pertaining to its allegations and contentions are "self-evident" (Opp. at 8). However, the point of discovery is to obtain whatever non-privileged documents and information CFIT has that bears upon its allegations and contentions. Verisign's motion as to these requests is granted.

4. Request 4 seeks all documents that mention or discuss the actual or potential impact of the 2005 .com registry agreement on CFIT or any of its members. CFIT suggests that the facts pertaining to its allegations are "self-evident" or a "matter of math." (Opp. at 8). But, as discussed above, that does not excuse CFIT from producing all responsive, non-privileged

---

[2] CFIT does not challenge Verisign's argument that plaintiff is obliged to perform a reasonable search to obtain responsive documents from CFIT's members. Indeed, as to some requests, CFIT agrees to do just that. Accordingly, the court expects that will conduct a reasonable search for responsive documents and information from its members in response to all of the discovery requests at issue in Verisign's motions.

2

documents in its possession, custody, or control.  Verisign's motion as to these requests is granted.

5. To the extent it has not already done so, CFIT shall conduct a diligent inquiry and reasonable search and produce all responsive, non-privileged documents in its possession, custody, or control.  Production shall be made within 14 days from the date of this order.  If, after conducting a diligent inquiry and reasonable search, CFIT finds no responsive, non-privileged documents, it shall confirm that in writing for Verisign within 14 days from the date of this order.

SO ORDERED.

Dated: January 28, 2011



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:05-cv-04826-RMW Notice has been electronically mailed to:

Angel Lisa Tang     Angel_Tang@aporter.com, James_Cooper@aporter.com, Laura_Riposo_VanDruff@aporter.com, Lorraine_Danielson@aporter.com, Ronald_Johnston@aporter.com

Bret Alan Fausett     bfausett@alvaradosmith.com, bfausett@internet.law.pro, lhernandez@alvaradosmith.com

Brian K. Condon     brian_condon@aporter.com

Courtney Mattson Schaberg     cmschaberg@jonesday.com

Eric Patrick Enson     epenson@jonesday.com

Imani Gandy     igandy@adorno.com

James Frederic Speyer     james.speyer@aporter.com, kathryn.jensen@aporter.com, kelly.welchans@aporter.com

James S. Blackburn     james_blackburn@aporter.com, leyla_leos@aporter.com

Jason C. Murray     jmurray@crowell.com

Jeffrey Alan LeVee     jlevee@jonesday.com, vcrawford@jonesday.com

Kelly Anne Welchans     kelly.welchans@aporter.com, stacie.james@aporter.com

Laurence J. Hutt     laurence_hutt@aporter.com, kelly_welchens@aporter.com, stacie.james@aporter.com

Sean William Jaquez     swjaquez@jonesday.com

Tricia Anne Cross , Esq     Tricia_Cross@aporter.com, Jacqui.Tollefson@aporter.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4