**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COALITION FOR ICANN TRANSPARENCY, INC., <br><br> Plaintiff, <br> v. <br><br> VERISIGN, INC., <br><br> Defendant. | No. C05-04826 RMW (HRL) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (SECOND SET)** <br><br> [Re: Docket No. 234] |

  Defendant Verisign, Inc. (Verisign) moves for an order compelling plaintiff Coalition for ICANN Transparency (CFIT) to produce documents responsive to its second set of requests for production.[1] CFIT opposes the motion. The matter is deemed appropriate for determination without oral argument, and the February 1, 2011 motion hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion as follows:

  1. CFIT asserted a number of General Objections which it, in boilerplate fashion, purported to incorporate into its specific responses—whether or not those objections were actually raised in response to a particular request. This practice obscures the extent to which CFIT is withholding information and does not satisfy the requirement for reasonable

---

[1] To the extent any discovery requests seek information concerning expiring domain names or Central Listing Service, Verisign's motion is deemed moot. Defendant confirms that it no longer seeks such discovery.

1  particularity under Fed. R. Civ. P. 34(b).  Thus, any General Objections which CFIT only
2  implicitly asserted by incorporation to a specific request are overruled.

3    2. In sum, requests 1, 2, 4-7, 9, 12-20, 22-28, 31-36, 38-40, and 43-51 seek various
4  information re CFIT, its members and supporters, CFIT's allegations, and other information
5  pertaining to issues in this litigation.  CFIT agreed to produce responsive, non-privileged
6  documents.  Verisign claims that CFIT has not yet done so.  Verisign's motion is granted as
7  follows:   CFIT cannot, of course, produce documents that do not exist.  Nevertheless, to the
8  extent it has not already done so, CFIT shall conduct a diligent inquiry and reasonable search
9  and produce all responsive, non-privileged documents in its possession, custody, or control.[2]

10    3. Request 21 seeks documents relating to certain identified prior litigation.
11  Verisign's motion as to this request is granted.  To the extent it has not already done so, CFIT
12  shall conduct a diligent inquiry and reasonable search and produce all responsive, non-
13  privileged documents in its possession, custody, or control.

14    4. Requests 3, 8, 10 and 11 essentially seek documents referring or relating to
15  (1) monetary and non-monetary contributions made by supporters and prospective supporters;
16  (2) meetings of CFIT's Board or Directors or CFIT's executive staff; (3) sources of CFIT's
17  funding; and (4) CFIT's financial records.  The requested information is relevant or reasonably
18  calculated to lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).  There
19  being a protective order in place (Docket No. 144), CFIT's confidentiality objections are
20  overruled.  Although CFIT's opposition asserts that the requested financial information is
21  "privileged," no privilege has been identified, much less substantiated.  CFIT shall conduct
22  diligent inquiry and reasonable investigation and produce all responsive, non-privileged
23  documents in its possession, custody, or control.

24    5. If it has not already done so, CFIT's document production shall be made within
25  14 days from the date of this order.  If, after conducting a diligent inquiry and reasonable

---

[2] CFIT does not challenge Verisign's argument that plaintiff is obliged to perform a reasonable search to obtain responsive documents from CFIT's members.  Indeed, as to some requests, CFIT agrees to do just that.  Accordingly, the court expects that will conduct a reasonable search for responsive documents and information from its members in response to all of the discovery requests at issue in Verisign's motions.

2

1  search, CFIT finds no responsive, non-privileged documents, it shall confirm that in writing for
2  Verisign within 14 days from the date of this order.
3  SO ORDERED.
4  Dated: January 28, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:05-cv-04826-RMW Notice has been electronically mailed to:

Angel Lisa Tang    Angel_Tang@aporter.com, James_Cooper@aporter.com, Laura_Riposo_VanDruff@aporter.com, Lorraine_Danielson@aporter.com, Ronald_Johnston@aporter.com

Bret Alan Fausett    bfausett@alvaradosmith.com, bfausett@internet.law.pro, lhernandez@alvaradosmith.com

Brian K. Condon    brian_condon@aporter.com

Courtney Mattson Schaberg    cmschaberg@jonesday.com

Eric Patrick Enson    epenson@jonesday.com

Imani Gandy    igandy@adorno.com

James Frederic Speyer    james.speyer@aporter.com, kathryn.jensen@aporter.com, kelly.welchans@aporter.com

James S. Blackburn    james_blackburn@aporter.com, leyla_leos@aporter.com

Jason C. Murray    jmurray@crowell.com

Jeffrey Alan LeVee    jlevee@jonesday.com, vcrawford@jonesday.com

Kelly Anne Welchans    kelly.welchans@aporter.com, stacie.james@aporter.com

Laurence J. Hutt    laurence_hutt@aporter.com, kelly_welchens@aporter.com, stacie.james@aporter.com

Sean William Jaquez    swjaquez@jonesday.com

Tricia Anne Cross , Esq    Tricia_Cross@aporter.com, Jacqui.Tollefson@aporter.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4