**FILED**

APR 19 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COALITION FOR ICANN TRANSPARENCY INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>VERISIGN, INC., a Delaware corporation; INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS, a California corporation,<br><br>    Defendants. | Case No. 5:05-CV-04826 (RMW) HRL<br><br>LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)<br><br>Hon. Howard R. Lloyd<br>Date: March 29, 2011<br>Time: 10:00 a.m.<br>Dept: 2 |

FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA TO THE ONTARIO SUPERIOR COURT OF JUSTICE:

WHEREAS a proceeding is pending before this Court at San Jose, California, between plaintiff Coalition for ICANN Transparency Inc. ("CFIT") and defendant VeriSign, Inc. ("VeriSign").

AND WHEREAS it has been shown to this Court that the testimony of Robert Hall, Chairman of Pool.com, Inc. and Chief Executive Officer of Momentous.ca Corporation, of the Province of Ontario, Canada ("Mr. Hall"), is necessary for use at the trial of this proceeding and without the testimony of said person justice cannot be completely done between the parties.

AND WHEREAS it has been shown to this Court that documents from Pool.com, Inc., of the Province of Ontario, Canada ("Pool.com") and Momentous.ca Corporation, of the Province of Ontario, Canada ("Momentous") are necessary for use at the trial of this proceeding and without documents from these companies, justice cannot be completely done between the parties.

AND WHEREAS it has been shown to this Court that VeriSign has been unable to obtain the required information from other persons whom VeriSign is entitled to examine or from Mr. Hall, whom VeriSign seeks to examine.

AND WHEREAS it has been shown to the Court that the evidence sought to be obtained cannot be obtained by VeriSign by any other method and there is a substantial likelihood that the desired evidence will be obtained in the manner proposed.

WE THEREFORE REQUEST, that in furtherance of justice you cause Mr. Hall to appear, at such time and place as you shall appoint, before any such person who, according to the laws of the Province of Ontario, is competent to preside over the examination of witnesses, to answer questions under oath or affirmation by Ronald Johnston, or other counsel of record for VeriSign, and to allow for the testimony of Mr. Hall to be reduced to writing. It is the understanding of this Court that the granting of assistance of the type herein requested is authorized by the Canada Evidence Act, R.S.C. 1985, chapter C-5, and the Ontario Evidence Act, R.S.O. 1990, chapter E-23. The courts of the United States are authorized by statute to extend similar assistance to the tribunals of Canada.

IT IS FURTHER REQUESTED that you cause Mr. Hall to produce to Brad Hanna, an attorney at the law firm of McMillan LLP, located at 50 O'Connor Street, Suite 300, Ottawa, Ontario, Canada K1P 6L2, no less than ten days in advance of the examination of Mr. Hall the documents described in Schedule "A" hereto.

IT IS FURTHER REQUESTED that you cause Pool.com to produce to Brad Hanna, an attorney at the law firm of McMillan LLP, located at 50 O'Connor Street, Suite 300, Ottawa, Ontario, Canada K1P 6L2, no less than ten days in advance of the examination of Mr. Hall the documents described in Schedule "A" hereto.

IT IS FURTHER REQUESTED that you cause Momentous.ca to produce to Brad Hanna, an attorney at the law firm of McMillan LLP, located at 50 O'Connor Street, Suite 300, Ottawa, Ontario, Canada K1P 6L2, no less than ten days in advance of the examination of Mr. Hall the documents described in Schedule "A" hereto.

IT IS FURTHER REQUESTED that you cause the examination of Mr. Hall to be reduced to writing and conducted in accordance with the laws of evidence and the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.

THE UNITED STATES DISTRICT COURT for the Northern District of California extends to the judicial authorities of Ontario the assurances of its highest consideration.

Dated: 4/19/11
[Seal of Court]

Hon. Howard R. Lloyd
United States District Court Magistrate Judge
Northern District of California
San Jose, California, United States of America

- 2 -

LETTER OF REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE (LETTER ROGATORY) -- No. 5:05-CV-04826 (RMW) HRL

30719487v3

## SCHEDULE A

Defendant VeriSign, Inc. ("VeriSign") hereby propounds these requests for the production of documents on Robert Hall, Pool.com Inc. ("Pool.com"), and Momentous.ca Corporation ("Momentous.ca"). This request calls for Robert Hall, Pool.com, and Momentous.ca to produce the documents described under the heading "Request for Production of Documents" (hereinafter "Requests" ) below, in accordance with the Definitions and Instructions that follow.

## DEFINITIONS

The following definitions shall apply to each of the requests for documents set forth herein and are deemed to be incorporated into each of said requests.

1. The term "CFIT" shall refer to plaintiff Coalition for ICANN Transparency, Inc. in its own capacity, and any PERSON acting or purporting to act on its behalf, including, but not limited to, agents, officers, directors, members, supporters, employees, attorneys, accountants, and any other representatives.

2. The term "PERSON" shall refer to any natural person, individual, corporation, proprietorship, partnership, association, joint venture, working group, trust, company, firm, or other form of legal entity, organization or arrangement.

3. The term "MR. HALL" shall refer to Robert Hall in his own capacity, and any PERSON acting or purporting to act on his behalf, including, but not limited to, agents, officers, employees, attorneys, accountants, and any other representatives.

4. The term "POOL.COM" shall refer to Pool.com, Inc. in its own capacity, and any PERSON acting or purporting to act on its behalf, including, but not limited to, agents, officers, directors, employees, attorneys, accountants, and any other representatives.

5. The term "MOMENTOUS.CA" shall refer to Momentous.ca Corporation in its own capacity, and any PERSON acting or purporting to act on its behalf, including, but not limited to, agents, officers, directors, employees, attorneys, accountants, and any other representatives.

6. The term "CFIT LITIGATION" shall refer to the action: *Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.*, No. C05-04826 RMW (HRL). A true and correct copy of the Third Amended Complaint is attached as Exhibit 6 to the Declaration of James S. Blackburn in Support of VeriSign's Motion for Issuance of Letter of Request.

7. The term "VERISIGN" shall refer to VeriSign, Inc., in its own capacity, all past and present subsidiaries, parents, affiliates, and related and predecessor entities, and any PERSON acting or purporting to act on VERISIGN'S behalf, including, but not limited to, agents, employees, officers, directors, shareholders, attorneys, accountants, and any other representatives.

8. The term "ICANN" shall refer to Internet Corporation for Assigned Names and Numbers, in its own capacity, all past and present subsidiaries, parents, affiliates, and related and predecessor entities, and any PERSON acting or purporting to act on ICANN's behalf, including, but not limited to, agents, employees, officers, directors, attorneys, accountants, and any other representatives.

9. The term "COMMUNICATION" shall refer to the transmittal of information (in the form of facts, ideas, inquiries, solicitations, or otherwise) and the content of such transmittals, whether written, electronic or oral, including, without limitation, meetings, conferences, seminars, discussions, conversations, telephone calls, recordings, photographs, notes, memoranda, letters, facsimiles, telexes, email, and electronic media such as blogs, tweets, text messages, SMS and MMS messages.

10. The term "DOCUMENT" is used in the broadest possible sense and means and includes, without limitation, any written, printed, typed, photostatted, photographic, magnetically- or electronically- stored, recorded, or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "DOCUMENT" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, drafts, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings, or other COMMUNICATIONS of any type, including, inter and intra-office COMMUNICATIONS, electronic mail, list serve COMMUNICATIONS or postings, list serve or electronic chats, questionnaires, surveys, charts, graphs, phonograph recordings, films, tapes, tape recordings, disks, compact disks, CD-ROMs, data cells, drums, print-outs, all other data compilations from which information can be obtained (translated or otherwise rendered, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.

11. The term "REFER or PERTAIN" in a request for DOCUMENTS that REFER or PERTAIN to a subject shall mean and include any and all DOCUMENTS that concern, evidence, contain, discuss, mention, describe, reflect, summarize, constitute, identify, memorialize, compare, or analyze any of the information called for by a particular request.

12. The term "2006 .COM REGISTRY AGREEMENT" shall refer to the agreement between VERISIGN and ICANN with respect to VERISIGN's operation of the domain name registry for the .com top-level domain ("TLD"), first posted on ICANN's website, "icann.org," on or about October 24, 2005, and approved by ICANN's Board of Directors on or about February 28, 2006 and the United States Department of Commerce on or about November 30, 2006. This term shall include all previous drafts and versions of the 2006 .COM REGISTRY AGREEMENT, including, but not limited to, the proposed 2005 .com Registry Agreement, and all subsequent modifications, amendments or supplements thereto.

13. The term "2005 .NET REGISTRY AGREEMENT" shall refer to the agreement between VERISIGN and ICANN with respect to VERISIGN'S operation of the domain name registry for the .net TLD, which was approved by ICANN's Board of Directors on October 12, 2005, and subsequently approved by the Department of Commerce.

14. The singular shall include the plural and vice versa and the conjunctive shall include the disjunctive and vice versa. Wherever used, references to the masculine, feminine, or neuter gender shall include the masculine, feminine, and neuter gender, as the context requires.

30733331v3

## INSTRUCTIONS

1. The requests for production included herein call for the production of all originals and all non-identical copies of any requested DOCUMENT. (As used herein, a "non-identical copy" is a DOCUMENT initially identical in every aspect to another DOCUMENT, but no longer identical by virtue of a signature, notation, interlineation, marking or modification of any kind, including without limitation, any notes or modifications on the back or margin of any page thereof or copies thereof, and blind carbon copy notations or attachments.)

2. Robert Hall, POOL.COM and MOMENTOUS.CA may produce legible, complete, and exact copies of original DOCUMENTS responsive to the requests, provided that the originals shall be made available for inspection upon request by counsel for VERISIGN.

3. Unless otherwise stated the Requests seek DOCUMENTS for the time period October 1, 2005 until either the last day POOL.COM or MOMENTOUS.CA provided monetary support to CFIT, or withdrew from CFIT, whichever date is later.

4. The DOCUMENTS and things to be produced should, at the time of production, be organized and labeled to correspond to the enumerated requests below. In the alternative, they may be produced as they are kept in the ordinary course of business.

5. You are required to produce not only the responsive DOCUMENTS and things in YOUR immediate possession, but also those over which you have possession, control, or power, including but not limited to DOCUMENTS and things in the actual or constructive possession, control, or power, of any representative, agent, employee, affiliate, director, officer, attorney, or accountant of yours or any other PERSON acting on your behalf or on behalf of your attorney(s), including any consultant, investigator, or expert witness employed by you, or by your attorney(s).

6. If, in response to a particular request, an objection is made, and the objection applies to some but not all of the DOCUMENTS requested, please produce all responsive DOCUMENTS and things to which the objection does not apply. Any and all objections must be made by the deadline for your initial response, or they will be considered waived.

7. If any DOCUMENT called for by these requests is withheld under a claim of privilege or is otherwise claimed to be protected against production, you are required to provide the following information with respect to each such DOCUMENT:

 (a) the date of the DOCUMENT;
 (b) the name(s) and job title(s) of the author(s) and each recipient of the DOCUMENT;
 (c) the name(s) and job title(s) of all PERSONS to whom copies of the DOCUMENT have been furnished;
 (d) the type of DOCUMENT it is (*e.g.*, letter, chart, memorandum, tape recording, etc.);
 (e) a description of the subject matter and length of the DOCUMENT; and
 (f) the grounds on which the privilege is claimed.

8. If you know of the existence, past or present, of any DOCUMENT described in a request for production, but are unable to produce such DOCUMENT because it is not presently in your possession, control, or power, including, without limitation, any DOCUMENTS that have been destroyed, you are requested to so state in response to such request, and to identify such DOCUMENT (by title, if any, nature, and subject matter) in response to the request for production and identify (by name, title, and address) the PERSON or PERSONS in whose

30733331v3

possession, control, or power the DOCUMENT was last known to reside. If such DOCUMENT no longer exists, your response should state when, how, and why such DOCUMENT ceased to exist.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. DOCUMENTS sufficient to identify all of the services and/or products POOL.COM and MOMENTOUS.CA provide or have provided, including without limitation any domain name registration services and/or products offered.

2. All DOCUMENTS that REFER or PERTAIN to the factual bases for any wrongful acts or omissions of VERISIGN, as alleged in the CFIT LITIGATION.

3. All DOCUMENTS that REFER or PERTAIN to monetary or non-monetary contributions made by Robert Hall, POOL.COM or MOMENTOUS.CA to CFIT, including any monetary contributions made to Robert Hall by other PERSONS for the benefit of CFIT.

4. All DOCUMENTS evidencing COMMUNICATIONS between Robert Hall, POOL.COM, and/or MOMENTOUS.CA, on the one hand, and Name Administration, Inc., iRegistry Corp, Linkz Internet Services Corp., the World Association of Domain Name Developers, Inc. ("WADND"), Targeted Traffic Domains, Inc., Howard Neu, Frank Schilling, R. Lee Chambers & Co., Richard L. Chambers, Sandy Chambers, Trammel & Co., John Berryhill, John Berard, Zeno Group, and/or Jason Eberstein, on the other hand, concerning CFIT.

5. All DOCUMENTS that REFER or PERTAIN to CFIT's corporate governance, including without limitation CFIT's bylaws, Board of Directors agendas, meeting minutes, and written records reflecting actions by the Board of Directors.

6. All DOCUMENTS that REFER or PERTAIN to POOL.COM's or MOMENTOUS.CA's membership and/or participation in CFIT.

7. DOCUMENTS sufficient to identify the dates for POOL.COM's and MOMENTOUS.CA's withdrawal or discontinuation of membership from CFIT, and the respective reason(s) for withdrawal or discontinuation of membership from CFIT.

8. All DOCUMENTS that constitute or reflect solicitation of members for CFIT by Robert Hall, POOL.COM or MOMENTOUS.CA.

9. All DOCUMENTS that REFER or PERTAIN to any of CFIT's members, including without limitation all COMMUNICATIONS between Robert Hall, POOL.COM and/or MOMENTOUS.CA and any of CFIT's members, and all COMMUNICATIONS among CFIT's members.

10. DOCUMENTS sufficient to identify all members in CFIT, including without limitation, the dates of admission to CFIT and withdrawal or discontinuation of membership from CFIT.

11. All DOCUMENTS that constitute or reflect COMMUNICATIONS between Robert Hall, Sandy Chambers, POOL.COM and/or MOMENTOUS.CA, on the one hand, and Richard Lee Chambers and/or R. Lee Chambers & Co., on the other hand, regarding the CFIT LITIGATION or the claims asserted therein.

12. All DOCUMENTS evidencing any meetings, COMMUNICATIONS, or other contact Robert Hall, POOL.COM or MOMENTOUS.CA have had with any United States

governmental agency, official or employee concerning the 2005 .NET REGISTRY AGREEMENT and/or the 2006 .COM REGISTRY AGREEMENT, and/or the CFIT LITIGATION.

13. DOCUMENTS sufficient to identify Robert Hall's, POOL.COM's and/or MOMENTOUS.CA's support or participation in any prior litigation against VERISIGN and/or ICANN, including without limitation the following actions: *Dotster, Inc. v. Internet Corp. for Assigned Names and Numbers*, C.D. Cal. Case No. 03-CV-5405, *Registersite.com v. Internet Corp. for Assigned Names and Numbers*, C.D. Cal. Case No. 04-CV-1368, or *Registersite.com v. Internet Corp. for Assigned Names and Numbers*, Los Angeles Super. Ct. Case No. SC082479.

14. All DOCUMENTS that REFER or PERTAIN to Robert Hall's, POOL.COM's, and/or MOMENTOUS.CA's participation in or involvement with the Domain Justice Coalition.

15. All DOCUMENTS that REFER or PERTAIN to any injury or harm Robert Hall, POOL.COM, or MOMENTOUS.CA have suffered as a result of any acts or omission of VERISIGN as alleged in the CFIT LITIGATION.

16. COMMUNICATIONS between Robert Hall, POOL.COM or MOMENTOUS.CA, on the one hand, and Trammell & Co., on the other hand, concerning CFIT, and all fees Robert Hall, POOL.COM and/or MOMENTOUS.CA have paid to Trammel & Co. related to CFIT.

30733331v3