**\*E-FILED 04-20-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COALITION FOR ICANN TRANSPARENCY, INC., <br><br>        Plaintiff,<br><br>  v.<br><br>VERISIGN, INC.,<br><br>        Defendant. | No. C05-04826 RMW (HRL)<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION FOR SANCTIONS; AND (2) DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**<br><br>**[Re: Docket Nos. 273 and 328]** |

      Defendant Verisign, Inc. (Verisign) moves for sanctions for what it says has been an ongoing pattern of discovery misconduct by plaintiff in discovery. Plaintiff Coalition for ICANN Transparency (CFIT) opposes the motion. The matter is deemed appropriate for determination without oral argument, and the April 26, 2011 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving papers, and good cause appearing, Verisign's motion is denied, as is its motion for leave to file supplemental briefing.

      In essence, Verisign says that it has unearthed evidence demonstrating that CFIT lied about its membership in its pleadings and that CFIT either lacked standing to pursue this lawsuit from the outset—or, alternatively, lost any standing it may have had before it filed the Second Amended Complaint. Verisign also argues that CFIT has shirked its discovery

1  obligations and failed to comply with prior court orders. Defendant does not, however, move to
2  compel further discovery. Rather, Verisign argues that discovery produced by CFIT is deficient
3  because, in Verisign's view and based on other information Verisign says it has obtained, the
4  discovery responses contain allegations about CFIT's purported membership that are
5  unsupported by any evidence, inaccurate, and inconsistent with CFIT's prior representations to
6  the court. (See, e.g., Reply at 9). CFIT disagrees with defendant's characterizations of the
7  facts.

8  Verisign seeks an order of dismissal, or alternatively, an order imposing various
9  evidentiary sanctions deeming certain matters admitted and precluding CFIT from presenting
10 any evidence on particular issues. Additionally, Verisign seeks reimbursement of $969.14 it
11 says it incurred when plaintiff unilaterally cancelled CFIT's corporate deposition.

12 With the exception of the request for reimbursement of costs re the cancelled deposition,
13 Verisign's motion seeks dispositive relief that is not appropriately before this court.
14 Accordingly, Verisign's motion for dismissal and evidentiary sanctions is denied without
15 prejudice to seek that relief, as may be appropriate, from Judge Whyte.

16 As for Verisign's request for reimbursement of costs incurred when CFIT cancelled its
17 deposition, the record presented indicates that after an initial skirmish over dates, Verisign
18 agreed to proceed with CFIT's deposition on January 19, 2011. On January 14, 2011, several
19 days before the re-scheduled deposition was to occur, CFIT advised that it would not produce a
20 deponent because it had learned of a reported conflict of interest concerning defense counsel's
21 representation in this matter. (Blackburn Decl., Ex. 33). Additionally, plaintiff's counsel stated
22 that they were, at that time, unsure whether CFIT was a proper party. (Id.). The record
23 indicates that CFIT raised its concerns about the conflict issue within hours after learning about
24 it (Fausett Decl., Ex. 12), but that the issue was not resolved until after defense counsel sent a
25 proposed conflict waiver agreement on January 17, 2011. On the record presented, this court
26 cannot say that CFIT's stated concerns about proceeding with the deposition were unjustified.

Verisign's motion for reimbursement of costs therefore is denied. FED. R. CIV. P. 37(d)(3).

SO ORDERED.

Dated:   April 20, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:05-cv-04826-RMW Notice has been electronically mailed to:

Angel Lisa Tang     Angel_Tang@aporter.com, James_Cooper@aporter.com, Laura_Riposo_VanDruff@aporter.com, Lorraine_Danielson@aporter.com, Ronald_Johnston@aporter.com

Bret Alan Fausett     bfausett@alvaradosmith.com, bfausett@internet.law.pro, kmccoy@alvaradosmith.com, lhernandez@alvaradosmith.com, rroberts@alvaradosmith.com

Brian K. Condon     brian_condon@aporter.com

Courtney Mattson Schaberg     cmschaberg@jonesday.com

Eric Patrick Enson     epenson@jonesday.com

Imani Gandy     igandy@adorno.com

James Frederic Speyer     james.speyer@aporter.com, kathryn.jensen@aporter.com, kelly.welchans@aporter.com

James S. Blackburn     james_blackburn@aporter.com, leyla_leos@aporter.com

Jason C. Murray     jmurray@crowell.com

Jeffrey Alan LeVee     jlevee@jonesday.com, vcrawford@jonesday.com

Kelly Anne Welchans     kelly.welchans@aporter.com, jacob.poorman@aporter.com, stacie.james@aporter.com

Laurence J. Hutt     laurence_hutt@aporter.com, kelly_welchens@aporter.com, stacie.james@aporter.com

Reginald Roberts     rroberts@alvaradosmith.com

Sean William Jaquez     swjaquez@jonesday.com

Tricia Anne Cross , Esq     Tricia_Cross@aporter.com, Jacqui.Tollefson@aporter.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4